UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMMES COMPANY HEALTHCARE, LLC, a Wisconsin limited liability company; HC TRI-CITY I, LLC, a Wisconsin limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TRI-CITY HEALTHCARE DISTRICT, a California public entity; LARRY ANDERSON, an individual; PAMELA SMITH, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 09-CV-2324 GPC (KSC)<br><br>**ORDER DENYING WITHOUT PREJUDICE TRI-CITY HEALTHCARE DISTRICT'S MOTION FOR ATTORNEY FEES**<br><br>**(ECF NO. 204)** |

On January 22, 2014, Tri-City Healthcare District ("District") filed a timely motion for attorney fees pursuant to Federal Rule of Civil Procedure 54 and California law. (ECF No. 204, "Motion.") Thereafter, the parties jointly moved for, and were granted, continuances of the briefing schedule and hearing date on the District's Motion. (ECF Nos. 213, 216, 223.) Currently, any response to the District's Motion

1  is due on or before October 24, 2014, and the hearing on the District's Motion is set
2  for November 14, 2014.  (ECF No. 223.)  On March 12, 2014, Hammes Company
3  Healthcare, LLC ("Hammes") and HC Tri-City I, LLC ("HC Tri-City") filed a notice
4  of appeal to the Ninth Circuit.  (ECF No. 218.)  The Ninth Circuit docket, of which
5  this Court takes judicial notice pursuant to Federal Rule of Evidence 201, indicates
6  that the appellate briefing schedule remains vacated pending the parties' settlement
7  efforts.  (9th Cir. Case No. 14-55389, ECF No. 9.)

8  "If an appeal on the merits of [a] case is taken, the court may rule on [a] claim
9  for [attorney] fees, may defer its ruling on the motion, or may deny the motion
10 without prejudice."  Fed. R. Civ. P. 54 advisory comm. note (1993 amendments); see
11 also Pacing Techs., LLC v. Garmin Int'l, Inc., 2014 WL 2872219, at *2 (S.D. Cal.
12 June 24, 2014) ("District courts have exercised their discretion to defer ruling on a
13 motion for attorneys' fees, or to deny the motion without prejudice to being renewed
14 following disposition of the appeal.  [citations].")

15 On June 4, 2014, the parties indicated that, "[o]n June 2, 2014, the parties
16 participated in mediation and would like to continue their settlement negotiations."
17 To date, the Court has received no update by the parties as to their settlement
18 negotiations, yet Hammes and HC Tri-City's appeal remains pending.  For purposes
19 of managing its docket, the Court will therefore deny the District's Motion without
20 prejudice, subject to refiling at a more appropriate time.  See CMAX, Inc. v. Hall, 300
21 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the
22 disposition of the causes on its docket in a manner which will promote economy of
23 time and effort for itself, for counsel, and for litigants.").

24 Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that:
25 1.  The District's Motion, (ECF No. 204), is **DENIED WITHOUT**
26     **PREJUDICE**;
27 2.  Within seven (7) calendar days of the parties' concluding their
28     settlement efforts, the parties are directed to file a **JOINT STATUS**

1      **REPORT** indicating the outcome of their settlement efforts; and

2      3.    Should the parties' settlement efforts be unsuccessful, the District may renew its request for attorney fees following resolution of Hammes and HC Tri-City's appeal to the Ninth Circuit.

Dated: August 6, 2014

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge